UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MATTHEW RAY THOMPSON, JR., Plaintiff | CIVIL ACTION NO. 2:24-cv-02827 |
| versus | JUDGE BRANDON S. LONG |
| ANTHONY G. BUZBEE and ANTHONY G. BUZBEE LP (d/b/a THE BUZBEE LAW FIRM), Defendants | MAG. JUDGE DONNA PHILLIPS CURRAULT |

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' RULE 11 MOTION FOR SANCTIONS**

Defendants, Anthony G. Buzbee and Anthony G. Buzbee LP (d/b/a The Buzbee Law Firm) (collectively "Buzbee Defendants"), through undersigned counsel, respectfully submit this Memorandum in Support of their Rule 11 Motion for Sanctions against Plaintiff's attorneys, Timothy W. Porter, Porter Malouf, P.A., Kelley Berry, and Berry & Munn, P.A.

As shown herein, the Complaint contains multiple immaterial, impertinent and scandalous accusations which bear no relevance or relationship to Plaintiff's claims. These allegations violate Rule 11(b)(1) because they were included by Plaintiff's attorneys for an improper purpose, namely to harass the Buzbee Defendants and to damage their reputations. Fed. R. Civ. Proc. 11(b)(1). Plaintiff's attorneys should be sanctioned accordingly including but not limited to an award of reasonable expenses, including attorney's fees, incurred in bringing this Motion.

**BACKGROUND**

The Complaint in this matter was filed on December 9, 2024. Doc. 1. As stated therein, Plaintiff is represented by Timothy W. Porter, Porter Malouf, P.A., Kelley Berry, and Berry & Munn, P.A. *Id.* The Complaint alleges that the Buzbee Defendants are a Texas attorney and his law partnership, who represented Plaintiff in a Jones Act suit regarding injuries Plaintiff sustained in Houston while working on a vessel. Doc. 1, ¶¶ 3, 4, 8, 9. The Complaint alleges that the Buzbee Defendants allegedly mishandled Plaintiff's claim in a variety of ways including purportedly misappropriating Plaintiff's maintenance and cure payments; allegedly making unlawful "high interest loans" to Plaintiff and his family members; and overstating expenses. *Id.*, ¶¶ 9-11. Based on these facts, Plaintiff attempts to state three causes of action: breach of fiduciary duty, fraud, and conversion. Doc. 1, ¶¶ 20-33.

Plaintiff's attorneys also included in the Complaint numerous *immaterial*, *impertinent*, and *scandalous* allegations which have nothing whatsoever to do with Plaintiff's claims against the Buzbee Defendants. These allegations are included solely to harass the Buzbee Defendants and damage their reputations. For example, Plaintiff's attorneys allege that the Buzbee Defendants "have become famous by making salacious accusations against prominent members of society" and "milking settlements" from persons in the public eye. Doc. 1, ¶ 7. These contentions have nothing to do with the Buzbee Defendants representation of Plaintiff in his Jones Act suit.

Plaintiff's attorneys have included in the Complaint detailed accusations of alleged "abuse and unethical conduct" regarding other alleged Jones Act clients of the Buzbee Defendants. *Id.*, ¶¶ 12-15. Plaintiff's attorneys allege that another former client of the Buzbee Defendants filed a lawsuit accusing Mr. Buzbee of physical assault. *Id.*, ¶¶ 16-17. Further, Plaintiff's attorneys

accuse the Buzbee Defendants of "providing financial incentives to a known witness" and allegedly using an "invalid[ ] … referral agreement" in another unrelated lawsuit. *Id.*, ¶ 18. Finally, Plaintiff's attorneys claim that, in yet another unrelated lawsuit, the Buzbee Defendants submitted "fraudulent" evidence to the court. *Id.*, ¶ 19. None of these alleged facts have any bearing, relationship, or relevance to the causes of action attempted to be stated in the Complaint in this litigation. In violation of Rule 11(b), Plaintiff's attorneys included these scandalous and irrelevant accusations for an improper purpose, namely to harass the Buzbee Defendants and damage their reputations. In fact, they have improperly included the same irrelevant accusations in another matter they recently filed for a different former client of the Buzbee Defendants. *See Guidry v. Anthony G. Buzbee, et* al, case number 2:24-cv-02873, U. S. District Court, Eastern District of Louisiana, Doc. 1. Like here, the false accusations have no relevance to the claims asserted. *Id.* The scandalous contentions have already garnered national media attention. *See* https://www.law.com/texaslawyer/2024/12/16/the-buzbee-law-firm-accused-of-client-abuse-in-two-louisiana-lawsuits/?slreturn=20241230172900.

On December 31, 2024, as required by Rule 11(c)(2), undersigned counsel served this Motion and the Memorandum in Support on Plaintiff's attorneys via email. *See* Exhibit "A," attached hereto; Fed. R. Civ. Proc. 11(b)(2). Undersigned counsel demanded that the impertinent, irrelevant, and scandalous allegations be removed from the Complaint. *Id.* More than twenty-one days have passed, but Plaintiff's attorneys have taken no corrective action. *Id.*

As discussed below, the Buzbee Defendants are entitled to an order imposing appropriate sanctions on Plaintiff's attorneys for their violation of Rule 11(b), including but not limited to an award of reasonable expenses, including attorney's fees, incurred in bringing this Motion.

## LAW AND ARGUMENT

I. **APPLICABLE LEGAL STANDARDS.**

>Under Rule 11:
>
>**By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney** or unrepresented party **certifies** that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>**(1) it is not being presented for any improper purpose, such as to harass**, cause unnecessary delay, or needlessly increase the cost of litigation; …

Fed. R. Civ. P. 11(b) (emphasis added). Further:

>If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, **the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation**. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

Fed. R. Civ. P. 11(c)(1) (emphasis added).

Filing for an "improper purpose" is an independent basis for sanctions and is not dependent on the district court finding a violation of some other prohibition in Rule 11(b). *Whitehead v. Food Max of Mississippi, Inc.*, 332 F.3d 796, 803 (5th Cir. 2003) (finding that although "[t]he district court concluded [attorney] violated each subpart" of Rule 11(b) "it is only necessary to decide whether he violated one" to affirm sanctions because each subpart "provide[s] independent bases for sanctions"). "[T]he standard under which the attorney is measured is an objective, not subjective, standard of reasonableness under the circumstances." *Jenkins v. Methodist Hospital of Dallas, Inc.*, 478 F.3d 255, 264 (5th Cir. 2007) (en banc). "If it is objectively ascertainable that an attorney submitted a paper to the court for any improper purpose, even if the

4

paper contains nonfrivolous representations or papers well grounded in fact and law, sanctions may still be warranted." *Marceaux v. Lafayette City-Par. Consol. Gov't*, 14 F.Supp.3d 760, 766 (W.D. La. 2014), *aff'd,* 614 Fed.Appx. 705 (5th Cir. 2015) (*citing Whitehead*, 322 F.3d at 805). Filings that contain "abusive language" violate Rule 11(b)(1) if it is objectively ascertainable that it was submitted for "an improper purpose." *Whitehead*, 322 F.3d at 804. A filing made for the purpose of embarrassing or harassing a party is an improper purpose under Rule 11(b)(1). *Id.* at 805-07. As found by one district court, "where the only purpose of including scandalous, defamatory, and irrelevant matter in a complaint (or other proceeding) is to embarrass, intimidate, and coerce, the truth or falsity of the charges is immaterial." *Spencer v. Dixon*, 290 F.Supp. 531, 541 (W.D. La. 1968).

> Sanctions can be sought through a motion which:
>
> must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. **If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion**.

Fed. R. Civ. P. 11(c)(2) (emphasis added).

If the district court finds a Rule 11 violation, the imposition of some sanction is mandatory. *Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018, 1027 (5th Cir. 1994); *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 878 (5th Cir. 1988). The district court "retains broad discretion in fashioning an 'appropriate' sanction." *Childs*, 29 F.3d at 1027. In determining the type of sanction to be imposed under Rule 11, the court "should utilize the least severe sanction that furthers the purposes of Rule 11 and is the least severe sanction adequate to such purpose." *Marceaux*, 14 F.Supp.3d at 767 (*quoting Jenkins v. Methodist Hospitals of Dallas, Inc.,* 478 F.3d

255, 265 (5th Cir. 2007) (*quoting Thomas v. Capital Security Services, Inc.,* 836 F.2d 866, 878 (5th Cir. 1988)). "On the other hand, sanctions should be 'sufficient to deter repetition of [similar] conduct.' " *Id.* (*quoting* Fed. R. Civ. P. 11(c)(2) now Rule 11(c)(4)). The range of appropriate sanctions is broad and may include monetary sanctions, fines, injunctions, dismissal, public reprimand, or compulsory legal education. *Butowsky v. Folkenflik*, 4:18CV442, 2020 WL 9936143, at *18, n14 (E.D. Tex. Sept. 1, 2020), *report and recommendation adopted,* 4:18CV442, 2020 WL 9936140 (E.D. Tex. Sept. 21, 2020).

## II.     PLAINTIFF'S ATTORNEYS SHOULD BE SANCTIONED APPROPRIATELY.

There is absolutely no legitimate purpose for Plaintiff's attorneys to have included over four pages of irrelevant and highly scandalous accusations against the Buzbee Defendants in the Complaint. Doc. 1, pp. 3-7.  The allegations are related to other lawsuits, persons, and alleged incidents that have *nothing whatsoever to do with Plaintiff's claims*. *Id.* Even if Plaintiff could prove them, which is denied, these accusations do not prove that the Buzbee Defendants committed any wrong against Plaintiff or that Plaintiff suffered the alleged damages he claims.

Lacking an objectively reasonable basis to have included these irrelevant, scandalous and impertinent accusations in the Complaint, it is apparent that the only reason for doing so was to harass, embarrass, and damage the Buzbee Defendants. *Whitehead*, 322 F.3d at 805-07. This is an "improper purpose" under Rule 11(b)(1) and warrants the imposition of an appropriate sanction.

Plaintiff's attorneys were given twenty-one days' notice of the Buzbee Defendants' intention to bring this Motion as required by Rule 11(c)(2). Despite this notice, no corrective action has been taken. In light of the fact that Plaintiff's attorneys have inserted these same accusations in both this lawsuit and another lawsuit filed in this Court, the sanction imposed should be severe

enough to deter future violations. The Buzbee Defendants suggest that in addition to striking the allegations,[1] Plaintiff's attorneys be publicly reprimanded and ordered to pay the Buzbee Defendants' attorney's fees and court costs incurred in preparing and filing this Motion. The Buzbee Defendants have incurred approximately $4,205 in connection with same.

## CONCLUSION

For the foregoing reasons, the Rule 11 Motion for Sanctions filed by Defendants, Anthony G. Buzbee and Anthony G. Buzbee LP (d/b/a The Buzbee Law Firm), should be granted.

Respectfully submitted,

*/s/ Joelle F. Evans*
William P. Gibbens, 27225
Joelle F. Evans, 23730
Andrea V. Timpa, 29455
SCHONEKAS, EVANS, MCGOEY & MCEACHIN, L.L.C.
909 Poydras Street, Ste. 1600
New Orleans, Louisiana 70112
Telephone: (504) 680-6050
billy@semmlaw.com
joelle@semmlaw.com
andrea@semmlaw.com

*Attorneys for Defendants, Anthony G. Buzbee and Anthony G. Buzbee LP d/b/a The Buzbee Law Firm*

## CERTIFICATE OF SERVICE

I do hereby certify that on January 24, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system while will send a notice of electronic filing to all CM/ECF participants.

*/s/ Joelle F. Evans*
JOELLE F. EVANS

---

[1] The Buzbee Defendants shall file separately a Rule 12(f) Motion to Strike.